### RIDD LABORATORIES, Inc. et al. v. UNITED STATES.

No. 14232.

United States Court of Appeals
Fifth Circuit.

April 2, 1953.

Catlett, Hartman, Jarvis & Williams, Seattle, Wash., Clark, Coon, Holt & Fisher, Pat Coon and Ramsey Clark, all of Dallas, Tex., Fred W. Catlett and Dwight D. Hartman, Seattle, Wash., for appellant.

William Cantrell, Jr., Asst. U. S. Atty., Dallas, Tex., Charles B. Murray, Asst. Atty. Gen., Frank B. Potter, U. S. Atty., Fort Worth, Tex., Paul M. Steffy, Attorney Federal Security Agency, Washington, D. C., of counsel, for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RIVES, Circuit Judges.

HUTCHESON, Chief Judge.

This is an appeal from a judgment of condemnation and forfeiture entered pursuant to a libel charging misbranding under section 301 et seq. of the Federal Food, Drug and Cosmetic Act.[1] Bringing them up for our review, claimant below, appellant here, makes serious complaint of three adverse rulings of the district judge, including his finding that the powder was misbranded.

The primary one of the rulings and the one of which appellant makes vigorous complaint is the denial by the district judge of appellant's motion filed under section 334(a),[2] 21 U.S.C.A., to remove and transfer the cause.

If the district judge had a discretion to refuse to remove the cause, and we do not think he had because the statute provides that the court "shall by order, unless good cause to the contrary is shown, specify a district of reasonable proximity to the claimant's principal place of business, to which the case shall be removed for trial", we think he abused that discretion here. For no good cause to the contrary was shown.

While it is quite plain that the district judge thought that he was acting in accordance with the statute, it is equally plain that he was laboring under a mistaken opinion as to its provisions and effect.

In view of the fact that, because of the error in denying removal of the cause, the judgment must be reversed, it is unnecessary, indeed inappropriate, for us to canvass and discuss the other errors assigned.

For the error, therefore, of denying removal of the cause, the judgment is reversed and the cause is remanded to the district court with directions to "specify a district of reasonable proximity to the claimant's principal place of business, to which the case shall be removed for trial."

Reversed and remanded with directions.

---

1. 21 U.S.C.A. § 301 et seq.

2. As pertinent here the article provides:
"* * * In any case where the number of libel for condemnation proceedings is limited as above provided the proceeding pending or instituted shall, on application of the claimant, seasonably made, be removed for trial to any district agreed upon by stipulation between the parties, or, in case of failure to so stipulate within a reasonable time, the claimant may apply to the court of the district in which the seizure has been made, and such court (after giving the United States attorney for such district reasonable notice and opportunity to be heard) shall by order, unless good cause to the contrary is shown, specify a district of reasonable proximity to the claimant's principal place of business, to which the case shall be removed for trial."